TROY WAYNE POTEETE, Chief Justice,
dissenting.
I RESPECTFULLY DISSENT FROM THE MAJORITY OPINION which deter *341 mined that the language of the Cherokee Nation General Records Act allows the Cherokee Nation Administration to deny a Tribal Council Member either an electronic or hard copy of records requested thereunder simply by deeming said records “confidential” and therefore available for “viewing only”.

CASE HISTORY

Appellant Coates represents Cherokees outside the boundaries of the Cherokee Nation as one of two elected at large Tribal Council members.
On March 18th, 2013, Coates submitted requests for Tribal documents to the Principal Chief, Attorney General, the CEO of Cherokee Nation Business, and the Ex. Dir. of the Cherokee Nation Gaming Commission. The request was addressed to the Principal Chief with a “cc” to the other officials. The request was communicated to all the parties via certified mail. All the Respondents, excepting the Principal Chief, claim that they produced the documents requested, either as hard copies or digitally. However, Respondents did not communicate these documents to Coates, in accordance with the provisions of the General Records Act, but rather provided them to the Attorney General.
None of the Respondents marked any of the documents requested “confidential” or objected to production. The Attorney General asserted that all the documents were “confidential and privileged” due to “copious legal reasons” and refused to provide the documents to Coates either as hard copies or electronically. The Attorney General notified the Coates that the documents provided by the various entities were available for inspection in his office. Coates attorney visited the offices of the Attorney General and was allowed to review the records on the computer screen, but was not allowed to take a “screen shot” of the computer screen, or a copy of the document file names on the thumb drives containing the documents.
On August 20, 2013 Tribal Councilor Coates filed a Petition for Writ of Mandamus and Declaratory Relief to compel Respondents to produce, and allow her to possess and copy documents requested March 18, 2013, under the authority of Legislative Act 98-0, Cherokee Nation Governmental Records Act (GRA) and under the authority of Legislative Act 25-01, Freedom of Information and Rights of Privacy Act (FOIA).
On October 11, 2013 each Respondent filed a Motion to Dismiss the Petition on grounds that Coates failed to state a claim against them pursuant to Cherokee District Court Rule 123(4).
On March 14th, 2014 the District Court issued an order finding the General Records Act does not require items deemed confidential to be copied for the requesting Tribal Council Member, and holding that the documents Coates requested were properly provided for Coates review in the Attorney General’s office.
The District Court held that all the documents requested by Councilwoman Coates were subject to being produced, but interpreted the statutory language to mean that providing the records and documents requested for inspection on a computer in the Attorney General’s office, under his supervision, during business hours, sufficed for production of the requested documents.
The District Court also found that the certified letters containing copies of the request for records mailed to each of the Respondents did not qualify as appropriate service under the General Records Act.
The District Court dismissed Plaintiffs Petition for a Writ of Mandamus without Prejudice, stating her action was prema *342 ture because she had not inspected all the records assembled in the Attorney General’s office.
Coates appeals from this dismissal alleging that she has a statutory right to have either electronic or mechanical copies of the records, whether they are deemed privileged or not.
ISSUES ON APPEAL
The central issue is one of statutory construction; whether the language of the General Records Act allows the Attorney General to deem records requested by a Tribal Councilor thereunder “confidential and privileged”, and restrict the requestor to “viewing only”.
This determination requires interpretation of the General Records Act to determine if that statute requires that Tribal Councilors be provided either electronic or mechanical (paper) copies of documents requested there under, when the Attorney General has deemed requested documents “confidential and privileged”.
In the instant case none of the records assembled and gathered by the various tribal entities, agencies, and departments, pursuant to the General Records Act provisions, were marked “confidential”, and no proof was offered to suggest that the subject records fell under any of the categories set out in the statute.
DISCUSSION
The Majority Opinion analyzes the provisions of the Freedom of Information Act (hereafter FOIA) and subsequent amendments to the General Records Act to interpret the provisions of said Act under which Councilor Coates made her requests for records. Based on this analysis the Majority concludes that the statute allows the Attorney General to simply deem requested records “confidential and privileged” without any offer of proof of that confidentiality; and by virtue of that “confidentiality” available to the requesting Tribal Council person “for viewing only” under the surveillance of the Attorney General’s staff during business hours. This “for viewing only” interpretation places burdens on the Tribal Council person not contemplated by the GENERAL RECORDS ACT.
The crux of the matter is the interpretation of the following language of the General Records Act[1] relative to documents that the Administration, acting thru the Attorney General, claims are “confidential”:
Section E of the Act states in pertinent part:
“In the event that the record submitted to the Council Members is “personal or confidential” ., that record shall nevertheless be produced or otherwise made available to the requesting Council Member; provided however, that the producing Cherokee Govt officer shall give notice to the Council Member of such status and shall clearly mark such record with the words, Personal and Conñden-tial”. Emphasis added.
The Majority opined that construing the phrase “produced or otherwise made available” to require physical copies of records would be to “engage in the practice of legislating”. I respectfully disagree. I think that the phrase should be interpreted in the context of the whole statute, as it was written and stood at the time, rather *343 than interpreted relying on language in the Freedom of Information Act; an Act which governs access to records by any requesting Cherokee citizen.
The provisions of the General Records Act, are intended to allow Tribal Councilors, elected officials vested with responsibility for oversight of the Tribal government, greater access to records than Cherokee citizens are given under the provisions of the FOIA.
Section 2 of the General Records Act, reads:[2]

Purpose—The purpose of this Act is to provide for open access to each member of the Cherokee Nation (“Council”) to all “records” as defined below, prepared in the discharge of governmental duties of the “Cherokee Government” as defined below, and to provide procedures under which the Council and its members shall obtain such record

The Merriam-Webster dictionary (hereafter Webster’s) defines “obtain” [3] to mean “come into possession of’. This statement of purpose then indicates a statutory intent that a Tribal Council person shall come into procession of document requested and guides our interpretation of subsequent clauses.
Section 5(C) reads:

The Director, CEO, Supervisor of the Department, Agency, Entity or Principal Chief that is the subject of the request shall provide the requested records to the requesting council member and the Council’s Legislative Aide so that the response is made a part of the records of the council The Legislative Aide shall also provide a copy of all requested records to the Principal Chief and Speaker of the Council.

Webster’s defines “provide”[4] as “to supply”. It seems obvious that this language is intended as a directive that copies of records be supplied upon request, as opposed to the interpretation urged by Respondent’s, that the requirement “shall provide the requested records” means only that a Tribal Councilor be allowed “to view” the requested records.
The error in this interpretation of the language “shall provide” to mean shall allow the requestor “to view” is made the more apparent when we consider that the language of the sentence in its entirety. The Statute reads that “.the subject of the request shall provide the requested records to the requesting Council member and the Council’s Legislative Aide so that the response is made part of the record of the council”. Emphasis added,
If the language “shall provide” is interpreted to mean “available for review in the Attorney General’s office” how then could “the response” contemplated by the statute become part of the record of the council?
The statutory intent that “the response” contemplated shall be copies is again made obvious by the language in the next sentence which directs that “The Legislative Aide shall also provide a copy of all requested records to the Principal Chief and Speaker of the Council” Emphasis added.
If the requesting Tribal Councilor was not to be provided a copy, but only allowed to view the records, then the statute would omit the word “also” from the phrase *344 “also provide a copy to the Principal Chief and Speaker of the Council”.
Continuing the examination of the statutory language we consider Section D which reads:

No confidentiality agreements affecting records covered by this Act or claim of privilege or confidentiality shall prevent the Council Members from having access to any records,

Webster’s defines “access”[5] as a way of being able to use or get something. It would seem that the intent was that Tribal Council Members could get records, be they confidential or not. The next section addresses the procedure whereby Tribal Council members are to get privileged or confidential records. Emphasis added
Section E states in pertinent part:
“In the event, that the record submitted to the Council Members is “personal or confidential ” as defined under the federal FOIA Act, 5 USC 552(b) ft) and the federal case law thereunder, that record shall nevertheless be produced or otherwise made available to the requesting Council Member; provided however, that the producing Cherokee Govt, officer shall give notice to the Council Member of such status and shall dearly mark such record with the words, Personal and Confidential”.
Webster’s defines “produce”[6] as “to make available for public exhibition or dissemination”. Production of documents, that universally understood civil procedure provision, which is the staple of discovery schemes in nearly all jurisdictions upon this continent, provides a quick reference for what is contemplated by the language “that record shall nevertheless be produced”. It would be a very unique interpretation of the everyday legal terms produce or production should these terms be taken to require only availability for viewing at the offices and upon the computers of the opposing counsel.
It is also noteworthy that the language of Section E contemplates some tangible form of record evidenced by the language “In the event that the record submitted to the Council Member”, Surely it was not contemplated that the Attorney General would “submit ” the record on a computer screen in his offices. Emphasis added.
Respondents have argued that the absence of the word copy suggests that no physical copy is required. They suggest that the language “or otherwise made available” should be interpreted to mean “available for viewing only”. Such an interpretation is at odds with the other provisions and language of the statute.
Taken in context, the statutory language “or otherwise make available” allows the provider to supply voluminous records electronically rather than mechanically, as is the usual case when statutes require for production of documents. Common sense reading suggests that Section E of the statute contemplates physical copies of the requested records; copies upon which might be affixed the words Personal and Confidential.

O’Leary v. Smith—supports Coates right to copies of records; is practically overturned by the Majority decision

The Majority found that denying Tribal Councilor Coates copies of requested records deemed “confidential” was in harmony with the holding in O’Leary v. Smith saying “the language of the General Records Act comports with our holding in O’Leary.” The Respondents urged, and *345 the Majority determined, that in O’Leary the information was ordered to be produced only; that the O’Leary order did not address copies. I do not agree with this characterization of the O’Leary holding. I believe such a holding directly contradicts, and in practical application actually overturns, the decision in O’Leary.
Councilwoman O’Leary was offered information about an employment contract in an Executive Secession; information the Administration had classified as “confidential” and therefore not subject to dissemination. O’Leary was offered the equivalent to what Coates has been offered herein; an opportunity to “view” the requested record(s). Plaintiff O’Leary sued to gain a copy of the subject employee contract which she might share with her constituents. Our predecessor, the Judicial Appeals Tribunal (JAT) reviewed O’Leary’s request and ordered the Administration to “produce the information requested”. Although the JAT order did not specify that she be given a physical copy, the Administration complied with the intent of the JAT order by producing a physical copy, in accordance with the generally understood meaning of the word produce, when used in the context of a request for written records in a legal proceeding. The O’Leary' opinion, like the General Records Act, omitted the word copy, but the intent was understood by all the parties. The requested employment contract, not a mere glimpse of the same, was provided in accordance with the court order.
CONCLUSION
The Majority interpretation places the burden of proving that requested records are not Confidential upon the Tribal Councilor. Such burden is made heavier because the Tribal Councilor, in order to prepare arguments that said records are not confidential, is required to review the requested records, in the offices of, and under the supervision of the of the Attorney General Nothing in the statute suggests intent that access to records be thus thwarted. The General Records Act directs that the various entities from which the records are requested shall provide said records. The statute does not mention the Attorney General. Requiring a Tribal Council person to litigate the Confidentiality of a requested record, in order to obtain a copy thereof, is at odds with the stated purpose of the Act.
The stated purpose of the General Records Act is to allow Tribal Councilors possession of documents and records. The statute is explicit in its requirement that classification of a record as “confidential” does not prohibit a Tribal Councilor from gaining possession thereof; the only requirement is that the document be so marked.
The Majority interpretation allows the Administration or the Attorney General to arbitrarily deem a record “Confidential” and deny a Tribal Councilor a copy thereof. This interpretation contradicts the stated purpose of the statute: “. to provide open access.to provide procedures under which the Council and its members shall obtain such records
I believe the Majority holding herein thwarts the purposes of the General Records Act and in so doing severely handicaps and unnecessarily burdens Tribal Councilors ability to carry out their constitutionally mandated duties.

. It should be noted that the General Records Act was amended on June 23d, 2014 after Councilwoman Coates made her requests for records thereunder. This analysis pertains to the Act as amended by LA-21-12.

. Now section 42 and not amended, but for the change in number.

. http://www.merriam-webster.com/ dictionary/obtain

. http://www.merriam-webster.com/ dictionary/provide

. http://www.nierriam-webster.coin/ dietionary/access

. http://www.merriam-webster.com/ dictionary/produce